UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

ASIA CLAIRE LITTELL,

Defendant.

Case No. 26-mj-98 (DWF/EMB)

**Ms. Littell's Memorandum in Support of Motion for Disclosure Pursuant to Rule 6(e)**

---

Federal Rule of Criminal Procedure 6 governs procedures related to "The Grand Jury" and specifically addresses the issue of secrecy surrounding Grand Juries. The secrecy of grand jury proceedings has historically been maintained for various reasons, not least of which is an effort to "encourage all witnesses to step forward and testify freely without fear or retaliation." *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682 (1958). Viewed as a "public institution" that serves our communities, grand jury proceedings are kept secret in order to promote fulsome participation, whether as juror or witness. *Id.* And indeed grand juries do serve our communities—not only are they the first step in holding a defendant accountable for harm they have committed, but they are also the first line of defense in ensuring the *government* does not commit harm to citizens by abusing their power to investigate and to charge. Grand juries protect interests on different sides of the same coin.

As such, the Supreme Court acknowledges that the societal interest in keeping grand jury proceedings secret, must sometimes yield to other societal goals and ideals. Thus, disclosure of grand jury proceedings can be ordered where courts find a "compelling necessity". *Id.* Such a compelling need exists where the "defense would be greatly

prejudiced or . . . an injustice would be done" in the absence of disclosure. *Id.* In these instances, a compelling need "will outweigh the countervailing policy" of secrecy. *Id.*

On January 29, 2026, Asia Littell was charged by complaint with a felony violation of 18 U.S.C. § 111. A week later, instead of a grand jury bill charging a felony, the government filed an information, signed by a JAG, alleging a misdemeanor 111 violation. Based on this unusual sequence of events, Ms. Littell filed a motion requesting disclosure of any no bill returned by the grand jury, along with any testimony heard by the grand jury prior to declining to charge. Ms. Littell persists in her request for disclosure of grand jury materials.

## I.     Rule 6 Secrecy Does Not Apply to Matters Not Occurring Before the Grand Jury

In their written response to Ms. Littell's motion for grand jury materials, the government noted that they would be filing a document to the Court, ex parte, "due to Grand Jury secrecy rules". ECF 25. They stated that Ms. Littell's motion should be denied for the reasons stated therein. *Id.* At the motions hearing (upon inquiry, as it was not visible to undersigned counsel), the government confirmed the ex parte document had been filed. As of the date of this filing, Ms. Littell is still unable to view the docket entry and its contents, which purportedly include the reasons why denial of the motion in appropriate.

Rule 6(e) governs secrecy as it applies to the grand jury. The rules states that "no obligation of secrecy may be imposed . . . except in accordance with (e)(2)(B)". Subdivision (e)(2)(B) in turn applies secrecy only to "matter[s] occurring before the grand jury". Fed. R. Crim. P. 6(e)(2)(B). While "Rule 6(e) does not define what precisely

constitutes 'a matter occurring before the grand jury", the relevant question is whether the disclosure at issue would reveal "the inner workings of the grand jury". *United States v. Adams*, 755 F. Supp. 3d 519, 525 (S.D.N.Y. 2024). This would include actual evidence, but also other information (summaries of testimony, deliberations, the direction of an investigation) as that might "tend to reveal what transpired before" the grand jury. *Id. citing*, *United States v. Eastern Air Lines, Inc.*, 923 F.2d 241, 244 (2d Cir. 1991). The focus of the inquiry is on whether the disclosure would reveal what occurred or transpired before the grand jury and whether it would otherwise reveal something meaningful about the grand jury process. It is simply not the case that any and every mention of the grand jury triggers the imposition of secrecy. The government's confirmation that a case was never presented to a grand jury *cannot* reveal what occurred before a grand jury, nor does it reveal any of its inner workings. Ms. Littell is unaware of any caselaw supporting a different conclusion but if the government requests such a reading, the burden rests on them to provide that authority.  Ultimately, the analysis is fact dependent and is left to the Court's discretion. *Id.*

Ms. Littell respectfully submits that a plain reading of the secrecy rule in 6(e) reflects that matters *not* occurring before the grand jury do not implicate Rule 6(e). In addition to the plain language of the statute, it makes sense that Rule 6(e) would not be implicated when a grand jury is not convened. In those situations, there are no grand jury witnesses or grand jurors to protect; there is no testimony the government hopes to freely elicit "without fear or retaliation" as the Supreme Court discussed.

3

Thus, to the extent that the ex parte document filed by the government simply states that Ms. Littell's case was never presented to any grand jury, Ms. Littell asserts Rule 6(e) secrecy does not apply. This would be consistent with the Courts' decisions in *United States v. Charlebois*, No. 26-mj-59 (SRN/SGE), and *United States v. Etherington*, No. 26-mj-58 (NEB/DTS). Based on this reading of the Rule, and that secrecy is not implicated, Ms. Littell requests that the contents of the ex parte document be preserved in the public record.

## II.   There is a Compelling Need For Disclosure of Grand Jury Proceedings in this Case

Asia Littell has no criminal history. She now finds herself charged with a federal offense. Regardless of the level of the charge lodged against her, Ms. Littell's constitutional and due process rights must be guaranteed at each step of her case. The requirement that the government disclose *Brady* material is perhaps one of the most fundamental rights an accused has in ensuring they receive a fair trial and a just outcome.

Here, the government may have presented Ms. Littell's case to the grand jury. If after listening to the government's presentation of witnesses and testimony, watching video evidence, and asking questions, the grand jury determined the government did not even make a probable cause showing of a 111, then the grand jury testimony has a demonstrated exculpatory character. As the Court is aware, there is a significant amount of overlap in the elements of a felony and a misdemeanor 111, and therefore the lack of a returned indictment would almost certainly constitute *Brady* material. In their response, the government does not seem to take issue with this aspect of Ms. Littell's request, instead

writing that "[t]o the extent that any Grand Jury information is exculpatory as defined by *Brady v. Maryland* and its progeny or constitutes *Jenks* pursuant to 18 U.S.C. §3500, the United States agrees to disclose it." ECF 25 at 1.

Disclosure here is appropriate for another reason too. This case does not exist in a vacuum and it must be placed in its relevant political context, or the other assertion made by Ms. Littell in her motion will not be properly evaluated. Ms. Littell submitted that if there was a no bill, grand jury proceedings should be ordered disclosed as it "may also form grounds for a motion to dismiss and a basis to challenge the information signed only by a government attorney with no judicial oversight." ECF 24 at 2.

As argued at the motions hearing on April 3, 2026, the Grand Jury serves a gatekeeping function. It is intended to be a check on the government's power so that it cannot charge a person without probable cause, and thereby force them to defend themselves in a long, drawn out, criminal case where their liberty is on the line. The issue is not just whether they will be acquitted after trial—that is what *Brady* presumably addresses, with its focus on "use at trial". The issue is whether the case should be dismissed before trial, so that citizens are not unduly made to stand trial for offenses not supported by probable cause. The Grand Jury safeguards us all from government harassment that may result from political animus.

At this particular time in history, grand juries across the country have been declining to indict in unprecedented numbers in cases just like Ms. Littell's. Many people in this nation believe that the Department of Justice, under this administration, has been used as a weapon to investigate and charge targets acting in opposition to this administration.

Counsel raises, and asks the Court to consider, this context in evaluating Ms. Littell's argument that disclosure of the Grand Jury material may support a motion to dismiss and a basis to challenge the information, which was signed only by a government attorney, with none of the normal judicial oversight.

Ms. Littell submits that for various reasons, this is an instance where Ms. Littell's constitutional and due process rights outweigh the countervailing policy of grand jury secrecy. Disclosure is necessary.

Dated: April 17, 2026                                    Respectfully submitted,

*s/Lisa M. Lopez*

Lisa M. Lopez
Attorney No. 395791
Attorney for Ms. Littell
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

6